Case No. 24-50344

---

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

Michael Allen,

Plaintiff - Appellant

vs.

FedEx Ground Package System, Incorporated,

Defendant - Appellee

---

On Appeal from the United States District Court, Western District of Texas
Allen v Fed Ex; Case No.: 1:22-CV-1101

---

**APPELLANT'S BRIEF**

---

Counsel for Appellant
JOHN F. MELTON
THE MELTON LAW FIRM, PLLC
925 South Capital of Texas Highway, Suite B225
Austin, Texas 78746
jmelton@jfmeltonlaw.com
Telephone: 512/330-0017

## CERTIFICATE OF INTERESTED PERSONS/
## CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Plaintiff-Appellant: | Counsel for Plaintiff-Appellant: |
|---|---|
| Michael Allen | JOHN F. MELTON<br>THE MELTON LAW FIRM, P.L.L.C.<br>925 South Capital of Texas Highway, Suite B225<br>Austin, Texas 78746 |

| Defendants-Appellees: | Counsel for Defendant-Appellee: |
|---|---|
| FedEx Ground Package System, Incorporated | Joseph W. Gagnon<br>Fisher Phillips, LLP<br>910 Louisiana Street, Suite 4000<br>Houston, Texas 77002 |

The Melton Law Firm, P.L.L.C.
925 South Capital of Texas Highway, #B225
Austin, Texas 78746
(512) 330-0017 Telephone

*/s/ John F. Melton*
John F. Melton
Jmelton@jfmeltonlaw.com
State Bar No. 24013155
ATTORNEY FOR APPELLANT

ii

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant respectfully requests oral argument in this case. This is an appeal from the lower court's decision granting Appellee's Motion for Summary Judgment. As such the matter is factually intensive and appellant believes oral argument would be beneficial.

# TABLE OF CONTENTS

I.    STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  STATEMENT OF CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Course Of Proceedings And Disposition Below . . . . . . . . . . . . . . . 1

      B.    Statement Of Standard For Review . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV.   SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    Age Discrimination Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    The district court erred in granting Appellee's motion for summary
            judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            1.    Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            2.    Standard of Proof n an age discrimination claim . . . . . . . . . . 4

            3.    Prima Facie case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            4.    Pretext . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VII.  PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**CASES**                                                                 **Page**

*Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 813 (5th Cir.1991)) . . . 13

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) . . . . . . . . . . . . . . . . 14

*Atterberry v. City of Laurel,* 401 Fed. Appx. 869 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . 6

*Brady v. Office of the Sergeant at Arms,* 520 F.3d 490 (D.C. Cir. 2008) . . . . . . . . . . . . . . . 5

*Bright v. GB Bioscience Inc.* 305 Fed. Appx. 197, 203 (5th Cir.2008). . . . . . . . . 13

*Brown v. CSC Logic, Inc.,* 82 F.3d 651, 654 (5th Cir. 1996) (footnote omitted) . . . . . . . 6

*Burton v. Freescale*, 798 F.3d 222 (5th Cir.2015) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Evans v. Tex. DOT*, 547 F.Supp.2d 626. 656 (E.D.Tex.2007) . . . . . . . . . . . . . . . . . 9

*Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 171 (5th Cir. 2014) . . . . . . . 9

*Goudeau v. National Oilwell Varco*, 793 F.3d 470, 472 (5th Cir.2015) . . . . . . . . . 2

*Griffin v. Washington Convention Ctr.*, 142 F.3d 1308, 1312 (D.C.Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Haas v. ADVO Systems, Inc.*, 168 F.3d 732, 734 n. 1 (5th Cir.1999) . . . . . . . . . . . . 8

*Jackson v. Cal-Western Packaging, Corp.*, 602 F.3d 374, 378 (5th Cir.2010). . . 13

*Kendrick v. Penske Transp. Servs., Inc.*, 220 F3d 1220, 1231 (10th Cir.2000) . . . . . . 10

*Laxton v. Gap, Inc.*, 333 F.3d 572, 577 (5th Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . 2

*Long v. Eastfield College*, 88 F.3d 300, 306 (5th Cir.1996) . . . . . . . . . . . . . . . . . . . 8

*McDonnell Douglas Corp. v. Green*, 411 US 792, 802–05 (1973) .........................4

*Nichols v. Loral Vought Systems, Corp.*, 81 F.3d 38, 41 (5th Cir.1996) ..................7

*Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 574 (5th Cir.2003) . . . . . . . . . . . 2

*Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 480-82 (Tex.2001)...........14

*Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 467 (5th Cir.2002). . . . . . . . . . 2

*Reeves v. Sanderson Plumbing Products, Inc.* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed. 2d 105 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14

*Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 653 (5th Cir.2004)...........................9

*Russell v. McKinney Hospital Venture*, 235 F.3d 219, 226 (5th Cir. 2000) . . . . . . . 4

*Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 55 (1st Cir.2000).10

*Shager v. Upjohn Co.*, 913 F.2d 398, 405 (7th Cir.1990) ..................................9, 10

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) ...........................................................................................................5

*Stallworth v. Singing River Health Sys.*, 469 Fed. Appx. 369 (5th Cir. 2012) .........6

*Staub v. Proctor Hosp.*, 562 U.S. 411, 131 S.Ct. 1186, 179 L.Ed.2d 144 (2011) ....9

*See Texas Dep't of Community Affairs v. Burdine*, 450 U.S.248, 253 (1981) .........7

*United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).6

*West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir. 2003)....................7

# I.  STATEMENT OF JURISDICTION

The appeal is from entry of a final judgment on all claims and parties. Jurisdiction exists under 28 U.S.C. § 1291.

# II.  STATEMENT OF ISSUES

Issue 1:    Whether the district court erred in granting summary judgment in favor of FedEx on Appellant's Texas Commission on Human Rights Act ("TCHRA") age discrimination case.

# III.  STATEMENT OF CASE

## A.    Course Of Proceedings and Disposition Below

This cases arises out of Appellant filing a lawsuit alleging wrongful termination by FedEx in violation of the TCHRA.

Appellee filed a motion for summary judgment alleging that Appellant could not meet the standard for a prima facie case of age discrimination, that it had offered a legitimate, non-discriminatory reason for Appellant's termination and that Appellant could not establish that Appellee's proffered reason was pretext.

On March 28, 2024 the district court granted Appellee's motion for summary judgment.  This appeal followed.

## B.    Statement of Standard For Review

This circuit reviews *de novo* a district court's grant of judgment of summary

judgment. *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 467 (5th Cir.2002); *Palasota v. Haggar Clothing Co.*, 342 F.3d. 569, 574 (5th Cir.2003). The Court examines all of the evidence in the record as a whole and must draw all reasonable inferences in favor of the plaintiff. *See id*. The court does not assess the credibility of the witnesses or otherwise weigh the evidence. *See id.*

Judgment as a matter of law is appropriate if there is no legally sufficient evidence that forms the basis for a reasonable jury to find for that party on that issue. *See Laxton v. Gap, Inc.,* 333 F.3d 572, 577 (5th Cir.2003). This occurs when the facts and inferences point so strongly and overwhelmingly in favor of one party that a reasonable jury could not arrive at a contrary verdict. *See id.* The court disregards evidence favorable to the moving party that the jury is not required to believe. *See id.*

In the summary judgment context, court must construe factual disputes in favor of the non-moving party. *See Goudeau v. National Oilwell Varco*, 793 F.3d 470, 472 (5th Cir.2015). In doing so, the court must "draw all reasonable inferences in favor of the non-moving party, and avoid credibility determinations and weighing of the evidence. *Id.* at 474. When a court in deciding summary judgment chooses "which testimony to credit and which to discard, the court improperly weighed the evidence and resolved disputed issues in favor of the moving party." *Burton v. Freescale Semiconductor Inc.*, 2015 WL 4742174 (5th Cir. Aug. 10, 2015).

2

## IV. SUMMARY OF ARGUMENT

### A.    Age Discrimination Claim

A fact issue exists as to whether Appellant has established a prima facie claim of age discrimination and a further fact issue exists as to whether the reason given for termination by FedEx was pretextual to its actual discriminatory intent.  Therefore the District Court's grant of summary judgment should be reversed and this matter remanded to the District Court for further proceedings.

## V. ARGUMENT

### A.    The district court erred in granting Appellee's motion for summary judgment

#### 1.    Statement of Facts

Appellant worked for FedEx Ground from 1992 to 2000 and was rehired in 2016.  In 2020, he transferred to the South Austin Station to work as a Pickup and Delivery Manager ("PDM"). This job entailed working with FedEx Ground contractors who performed pickup and delivery operations.

On May 16, 2021 a fellow employee, Andy Munoz, informed Appellant that he had recently purchased a new BB gun and that he had it in his backpack. Appellant admonished Munoz that he was prohibited from having any weapon on FedEx premises and that he needed to put the BB gun in his car.  No other employees

were present, including Appellant's supervisor, Steve Shelton. Approximately three days later Appellant informed Munoz's supervisor, T.J. Hendrick, regarding the incident with Munoz on May 16. An investigation ensued. Mr. Munoz resigned his position and Appellant was terminated.

### 2.    Standard of Proof n an age discrimination claim

A plaintiff can prove a claim of intentional discrimination by either direct or circumstantial evidence. Absent direct evidence of discriminatory intent, as is typically the case, proof via circumstantial evidence is assembled using the framework set forth in the seminal case of *McDonnell Douglas Corp. v. Green*; *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 226 (5th Cir. 2000). First, the plaintiff must establish a prima facie case of discrimination. *Id*. Second, the employer must respond with a legitimate, nondiscriminatory reason for its decision. *Id.* Third, if the employer carries its burden, the "mandatory inference of discrimination" created by the plaintiff's prima facie case drops out of the picture and the fact finder must decide the ultimate question: whether the plaintiff has proven intentional discrimination. *Id*. In making this showing, the plaintiff can rely on evidence that the employer's reasons were a pretext for unlawful discrimination. *Id.*

### 3.    Prima Facie case

In 2008 current U.S. Supreme Court Justice Brett Kavanaugh, while serving

4

on the D.C. Circuit Court, wrote a landmark opinion regarding the requirement, or lack thereof, for a discrimination plaintiff to make a prima facie case. In *Brady v. Office of the Sergeant at Arms*, 520 F.3d 490 (D.C. Cir. 2008) Justice Kavanaugh wrote that, "Judicial inquiry into the prima facie case is usually misplaced." The Court went on to note that In the years since *McDonnell Douglas*, the Supreme Court's decisions have clarified that the question whether the employee made out a prima facie case is almost always irrelevant. Id.. At 493-494. By the time the district court considers an employer's motion for summary judgment or judgment as a matter of law, the employer ordinarily will have asserted a legitimate, non-discriminatory reason for the challenged decision — for example, through a declaration, deposition, or other testimony from the employer's decision-maker. That's important because once the employer asserts a legitimate, non-discriminatory reason, the question whether the employee actually made out a prima facie case is "no longer relevant" and thus "disappear[s]" and "drops out of the picture." Id., citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). As the Supreme Court explained a generation ago in *Aikens*: "Where the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer

relevant. The district court has before it all the evidence it needs to decide whether the defendant intentionally discriminated against the plaintiff." Id. citing *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1.

This case involves just such a situation. Defendant spent the bulk of its motion for summary judgment arguing that it had a legitimate, non-discriminatory reason for Plaintiff's termination.

Plaintiff acknowledges that there exist two 5th Circuit opinions which decline to adopt *Brady*, *Stallworth v. Singing River Health Sys*., 469 Fed. Appx. 369 (5th Cir. 2012); *Atterberry v. City of Laurel*, 401 Fed. Appx. 869 (5th Cir. 2010). However, neither case addresses the directive from *Aikens* which makes them contradictory of *Aikens* analysis applies in the 5th Circuit remains open but should be applied here.

While that should be the end of the inquiry into the establishment of a prima facie case, in the event that this Court determines that Plaintiff must establish a prima facie case, he can.

In an age discrimination discharge case to establish a prima facie case, "[t]he plaintiff must prove that: 1) he was discharged; 2) he was qualified for his position; 3) he was within the protected class; and 4) he was replaced by someone outside the protected class, someone younger, or was otherwise discharged because of his age." *Brown v. CSC Logic, Inc*.,82 F.3d 651, 654 (5th Cir. 1996) (footnote omitted). *West*

6

*v. Nabors Drilling USA, Inc*., 330 F.3d 379, 384 (5th Cir. 2003). The prima facie

burden is not onerous and the plaintiff must make only a minimal showing. *See Texas*

*Dep't of Community Affairs v. Burdine*, 450 U.S.248, 253 (1981); *Nichols v. Loral*

*Vought Systems, Corp*., 81 F.3d 38, 41 (5th Cir.1996).

First, there is evidence that Plaintiff was replaced by someone younger than

him.  After Plaintiff was terminated Alex Spivey and Crystal Eldoruy as PDMs took

over any responsibilities that had been assigned to Plaintiff.  Both were in their 20s

or 30s, far younger than Plaintiff.  ROA.252.

In addition, there is evidence that Plaintiff was otherwise discharged because

of his age.

The evidence shows that Plaintiff's two co-workers expressed discriminatory

animus towards the Plaintiff and had influence over the actual decision maker, Steve

Shelton.  Shelton testified that he counseled Plaintiff on his work performance when

the only basis for doing so was complaints from Spivey and Eldoruy and that he had

no idea how work was divided up.  ROA.249.  Defendant asserted at the district court

level that Michael Keeler was the final decision maker.  However, Michael Keeler

was not the onsite manager of the South Austin facility.  Any knowledge he had

regarding the alleged violation of the weapons policy, ultimately, came from Steve

Shelton.  Steve Shelton testified, when describing his role at the South Austin facility,

7

that he, "first and foremost, I -- I would be responsible for the entire operation, the -- the safety, health, and welfare of every employee inside the building, every contractor inside the building while they're on the premises, and the -- and, like I said, the day-to-day operations to ensure that packages move in and out of the facility timely and -- and on-time service." ROA.248. Clearly, Shelton was in charge of South Austin and would be in charge of decisions made in regard to employees there.

Co-worker retaliation can form the basis of discrimination claim. Typically, the person with authority over the employment decision is the one who executes the action against the employee. However, that is not necessarily the case. See *Long v. Eastfield College*, 88 F.3d 300, 306 (5th Cir.1996) ("[O]rdinary employees ... normally [cannot affect the employment of their co-employees.]" (emphasis added)). If the employee can demonstrate that others had influence or leverage over the official decisionmaker, and thus were not ordinary coworkers, it is proper to impute their discriminatory attitudes to the formal decisionmaker. See, e.g., id. at 307. *Haas v. ADVO Systems, Inc.*, 168 F.3d 732, 734 n. 1 (5th Cir.1999) (rejecting defendant's argument that subordinate exerted no influence over ultimate decisionmaker and thus determining that sufficient evidence existed to demonstrate a causal nexus between the discriminatory remarks and the employment decision (citing *Long*, 88 F.3d at 307)). Therefore, the Defendant can be liable even if the decision makers did not

8

have a discriminatory animus.

To assert a valid "cat's paw" theory, "a plaintiff must establish two conditions: (1) that a co-worker exhibited retaliatory animus and (2) that the same co-worker possessed leverage, or exerted influence, over the titular decisionmaker." *Evans v. Tex. DOT*, 547 F.Supp.2d 626. 656 (E.D.Tex.2007) (citing *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 653 (5th Cir.2004)).   In *Staub v. Proctor Hospital*, 562 U.S. 411, 131 S.Ct. 1186, 179 L.Ed.2d 144 (2011), the Supreme Court held that, under the "cat's paw" theory, an employer can be held liable for a discrimination claim under the Uniformed Services Employment and Reemployment Rights Act even if the ultimate decisionmaker herself holds no discriminatory animus as long as the plaintiff demonstrate that her decision was influenced by another who does hold such animus. Applying general principles of tort law, the Court explained, "Animus and responsibility for the adverse action can both be attributed to the earlier agent ... if the adverse action is the intended consequence of that agent's discriminatory conduct." Id. At 419, 131 S.Ct. 1186.  In recent years, the Fifth Circuit has repeatedly applied *Staub*. In *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 171 (5th Cir. 2014), a case involving an allegation of retaliatory discharge in violation of the Texas Commission on Human Rights Act, the Fifth Circuit recognized that the "earlier agent" who harbors retaliatory animus may be a coworkers, rather than a supervisor.

Sister circuits also support this approach. For instance, in *Shager v. Upjohn Co.*, Judge Posner, writing for a panel of the Court of Appeals for the Seventh Circuit, reversed a summary judgment for the employer in an ADEA case, finding that the influence of the person with the discriminatory attitude may well have been decisive in the employment decision. See *Shager v. Upjohn Co.*, 913 F.2d 398, 405 (7th Cir.1990). "If the [formal decisionmakers] acted as the conduit of [the employee's] prejudice-his cat's paw-the innocense of the [decisionmakers] would not spare the company from liability." Id.

Many circuit cases have also echoed the idea underlying Judge Posner's "cat's paw" analysis that courts will not blindly accept the titular decisionmaker as the true decisionmaker: "[A] defendant may be held liable if the manager who discharged the plaintiff merely acted as a rubber stamp, or the 'cat's paw,'for a subordinate employee's prejudice, even if the manager lacked discriminatory intent." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F3d 1220, 1231 (10th Cir.2000)(citing inter alia, *Long*, 88 F.3d at 307); see also *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 55 (1st Cir.2000) (Stating that "discriminatory comments ... made by the key decisionmaker or those in a position to influence the decisionmaker" can be used by the plaintiff to establish pretext); *Griffin v. Washington Convention Ctr.*, 142 F.3d 1308, 1312 (D.C.Cir.1998) ( "[E]vidence of a subordinate's bias is relevant

where the ultimate decision maker is not insulated from the subordinate's influence.").

It must be noted, also, that Plaintiff complained to HR regarding discriminatory conduct he had suffered at the hands of Alex Spivey:

> It was probably, I would say, around January-February of the -- of the year -- of the date I got fired, the year I got fired, 2021, I guess. Gloria was in our building; she's the HR business partner. And I called her into my office, and I told her what was going on. And she told me she would investigate it.
>
> And when you say "what was going on," who did you believe had been discriminated or retaliated against?
>
> Alex Spivey, specifically.
>
> Is that male or female?
>
> Female, yeah.
>
> And what was her job title?
>
> P&D manager.
>
> And what did you tell Gloria about --
>
> I told Gloria that she -- she's withholding training me because she says that I do not retain information; I'm old.

11

> And she literally told -- told that to my face in her office
> when I asked for more -- for more responsibility. Because,
> just so you know, Steve was a nonexistent manager. And
> these two ladies basically ran the facility. Steve was --
> everybody knows that Steve did not run that facility.

ROA.242.

In addition, as discussed above, Appellant never violated the weapons policy. He never was accused of bringing a weapon onto the property. He merely reported Munoz's violation of the policy, a report which FedEx policy stated would not result in retaliation.

Relatedly, FedEx did not follow its own policy in regard to someone who had truly been accused of violating the weapons policy. Appellant testified that he was told by Steve Shelton that he had brought a gun onto the FedEx property.

> Are you aware of anyone else who has known about
> a weapon in the workplace?
> About Andy with the weapon in the workplace?
> Any gun in the workplace.
> So there is, yes. So Steve had told me that he carries
> a gun in his car, occasionally.

12

In his car?

Yeah.

ROA.246

Not only was Shelton not terminated, he was not even suspended pending the investigation as Defendant insists happens automatically when a violation of the weapons policy is alleged. This was an investigation regarding actually bringing a gun on the property, not whether a violation was properly reported, and Shelton was not even suspended while Appellant was suspended and terminated.

Appellant has provided ample evidence regarding whether he was otherwise terminated because of his age, raising an issue of material fact which precludes summary judgment.

### 4.    Pretext and motivating factor

Critically, at the summary-judgment stage, the ultimate question is not whether the plaintiff has "proven" or "established" that the Defendant's proffered reasons are pretextual but rather only whether he has produced sufficient evidence to create a "genuine issue" as to whether those reasons are pretextual. See *Jackson v. Cal-Western Packaging, Corp.*, 602 F.3d 374, 378 (5th Cir.2010); see also *Bright v. GB Bioscience Inc.* 305 Fed. Appx. 197, 203 (5th Cir.2008) ("While the ultimate burden of proving discrimination remains with the plaintiff throughout the case,

within the context of a summary judgment motion, 'the question is not whether the plaintiff proves pretext, but rather whether the plaintiff raises a genuine issue of fact regarding pretext.'")(quoting *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 813 (5th Cir.1991)).   The evidence of the nonmovant must be believed, and all justifiable inferences are to be drawn in favor of nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a direct verdict."

A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.  *Reeves* 530 U.S. at 147-48. In addition, this is not subject to the "but for" standard of causation, but rather an unlawful employment practice is established when the plaintiff demonstrates that race/gender or age is a motivating factor for the discharge, even if other facts also motivated the discharge. *See Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 480-82 (Tex.2001)

Appellant has provided sufficient evidence to find that the employer's asserted justification is false and that age was a motivating factor in the termination decision..

As stated above, Appellant did not violate the weapon policy and the intent of the weapon policy did not even apply to Appellant. In addition, Defendant did not follow its own policy when investigating Steve Shelton for his alleged gun violation. And, given the cat's paw influence of Spivey and Eldoruy over Shelton, the veracity of Defendant's reason for termination can be disbelieved by a reasonable fact finder.

Therefore, there is a jury issue as to whether Defendant's offered reason for termination is false and that age was a motivating factor in the decision.

In this case there remains an issue of material fact as to whether Appellee's reasons for termination are false, meaning there remains a material fact issue regarding pretext and summary judgment is inappropriate.

## VI. CONCLUSION

Appellant has provided sufficient evidence to raise issues of material fact regarding his discrimination claims, including the existence of pretext. The district court ruled there was a prima facie case. As *Reeves* states, this, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. Appellant has provided such evidence and has shown age to be a motivating factor in the decision. Because of this the summary judgment on Appellant's discrimination claims must be reversed.

## VII.  PRAYER FOR RELIEF

Therefore, Appellant respectfully requests that this Court reverse the lower court's

summary judgment  and remand this case for a trial on the merits.

Respectfully submitted,

The Melton Law Firm, P.L.L.C.
925 South Capital of Texas Hwy.,
Ste. B-225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile

/s/ John F. Melton
John F. Melton
Jmelton@jfmeltonlaw.com
State Bar No. 24013155
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing document has been served on all parties of record **via email** on this 30th day of July, 2024, addressed as follows:

email: jgagnon@fisherphillips.com
Joseph W. Gagnon
Fisher Phillips, LLP
910 Louisiana Street, Suite 4000
Houston, Texas 77002

/s/ John F. Melton
John F. Melton

16

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the type-volume limitation set forth in FRAP (32)(a)(7)(B).  This entire brief contains 4,292 words according to the word-count function of the word-processing system, WordPerfect Office X3, used to prepare the brief. This brief complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfect Office X3 in Times New Roman format in 14 point font.

*/s/ John F. Melton*
Attorney For Plaintiff-Appellant