Case No. 24-50344

---

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

Michael Allen,

Plaintiff - Appellant

vs.

FedEx Ground Package System, Incorporated,

Defendant - Appellee

---

On Appeal from the United States District Court, Western District of Texas
Allen v Fed Ex; Case No.: 1:22-CV-1101

---

**APPELLANT'S REPLY BRIEF**

---

Counsel for Appellant
JOHN F. MELTON
THE MELTON LAW FIRM, PLLC
925 South Capital of Texas Highway, Suite B225
Austin, Texas 78746
jmelton@jfmeltonlaw.com
Telephone: 512/330-0017

**TABLE OF CONTENTS**

I.     SUMMARY OF ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.     Age Discrimination Claim  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.     The district court erred in granting Appellee's motion for summary judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

          1.     Prima Facie case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

          2.     Pretext . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.   PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

**CASES**                                                                    **Page**

*Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 86 (5th Cir.1982) .............................2

*Brown v. CSC Logic, Inc.*,82 F.3d 651, 654 (5th Cir. 1996)....................................1

*Caldwell v. KHOU-TV*, 850 F.3d 237, 242 (5th Cir. 2017)......................................4

*City of Austin Police Dept. v. Brown*, 96 S.W.3d 588, 596 (Tex. App.-Austin 2002, rev. dism'd), *citing United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983). .....................................................................................................2

*Grace v. Potter*, 2006 WL 1207735, at *3 n.13 (S.D. Tex. May 3, 2006)................3

*Leffel v. Valley Financial Services*, 113 F.3d 787, 793 (7th Cir. 1997), *cert. denied*, 522 U.S. 968 (1997)..................................................................................................3

*Matczak v. Frankford Candy and Chocolate Co.*, 136 F.3d 933, 939-940 (3d Cir. 1997).......................................................................................................................3

*Nichols v. Loral Vought Systems, Corp.*, 81 F.3d 38, 41 (5th Cir.1996).....................1

*Pittman v. Collin County, Texas,* 2010 WL 1330752 at *5 (E.D.Tex. Mar. 30, 2010 (Schell, J.)....................................................................................................................2

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (Title VII), *quoting McDonnell Douglas*, 411 U.S. at 802 n.13. ..........................................................2

*Tapia v. Michaels Stores, Inc.*, 553 F.Supp.2d 708, 714 (W.D.Tex.2008)................1

*Texas Dep't of Community Affairs v. Burdine*, 450 U.S.248, 253 (1981).................1

*West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir. 2003).....................1

## IV. SUMMARY OF ARGUMENT

### A.    Age Discrimination Claim

A fact issue exists as to whether Appellant has established a prima facie claim of age discrimination and a further fact issue exists as to whether the reason given for termination by FedEx was pretextual to its actual discriminatory intent. Therefore the District Court's grant of summary judgment should be reversed and this matter remanded to the District Court for further proceedings.

## V. ARGUMENT

### 1.    Prima Facie case

In an age discrimination discharge case to establish a prima facie case, "[t]he plaintiff must prove that: 1) he was discharged; 2) he was qualified for his position; 3) he was within the protected class; and 4) he was replaced by someone outside the protected class, someone younger, or was otherwise discharged because of his age." *Brown v. CSC Logic, Inc.*,82 F.3d 651, 654 (5th Cir. 1996) (footnote omitted). *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir. 2003). The prima facie burden is not onerous and the plaintiff must make only a minimal showing. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S.248, 253 (1981); *Nichols v. Loral Vought Systems, Corp.*, 81 F.3d 38, 41 (5th Cir.1996). "[E]stablishing a causal link is not an onerous burden." *Tapia v. Michaels Stores, Inc.*, 553 F.Supp.2d 708, 714

(W.D.Tex.2008).

Circumstantial evidence can establish causal connection and pretext

Additional circumstantial evidence that may be used to establish a causal link between an employee's legally protected activity and an employer's retaliation against the employee for engaging in that legally protected activity includes: (1) knowledge of the protected activity of the decision maker, (2) expression of a negative attitude toward the employee's protected activity, (3) failure to follow company policies, (4) different treatment in comparison to similarly situated employees, and (5) evidence that the stated reason for discharge was false. *See Pittman v. Collin County, Texas,* 2010 WL 1330752 at \*5 (E.D.Tex. Mar. 30, 2010 (Schell, J.).

Each case must be evaluated on its own merits

There are no hard and fast requirements for establishing a prima facie case, and the  be rigid, mechanized, or ritualistic." *City of Austin Police Dept. v. Brown*, 96 S.W.3d 588, 596 (Tex. App.-Austin 2002, rev. dism'd), *citing United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).  Instead, "[t]he facts necessarily will vary and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations."   *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (Title VII), *quoting McDonnell Douglas*, 411 U.S. at 802 n.13.  *See also Byrd v. Roadway*

2

*Express, Inc.*, 687 F.2d 85, 86 (5th Cir.1982) (§ 1981) ("[N]o single formulation of the prima facie evidence test may fairly be expected to capture the many guises in which discrimination may appear"); *Leffel v. Valley Financial Services*, 113 F.3d 787, 793 (7th Cir. 1997), *cert. denied*, 522 U.S. 968 (1997) (ADA) ("the nature of the proof giving rise to the requisite inference of discrimination cannot be reduced to a formula that will serve any and all discrimination cases"); *Grace v. Potter*, 2006 WL 1207735, at *3 n.13 (S.D. Tex. May 3, 2006) (Title VII) ("The components of a *McDonnell Douglas*-type prima facie case are variable, and do not apply to all discrimination cases across the board."). Nor does the fact that case law repeats a particular formulation mean that it is always required. *Matczak v. Frankford Candy and Chocolate Co.*, 136 F.3d 933, 939-940 (3d Cir. 1997).

First, as stated in Appellant's Brief, there is evidence that Plaintiff was replaced by someone younger than him. After Plaintiff was terminated Alex Spivey and Crystal Eldoruy as PDMs took over any responsibilities that had been assigned to Plaintiff. Both were in their 20s or 30s, far younger than Plaintiff. ROA.252.

As shown by Appellant in his principal brief, Appellant has provided ample evidence regarding whether he was otherwise terminated because of his age, raising an issue of material fact which precludes summary judgment.

**2.    Pretext and motivating factor**

A plaintiff "may show pretext either through evidence of disparate treatment or by showing that defendant's proffered explanation is false or unworthy of credence." *Caldwell v. KHOU-TV*, 850 F.3d 237, 242 (5th Cir. 2017).  The evidence and arguments made in Appellant's principal brief raise a question of material fact as to whether the proffered explanation is false or unworthy of credence.  Plaintiff's claim is not based on his subjective belief, but rather the evidence of disparate treatment and that Defendant had no reasonable belief that Plaintiff was actually violating its policies as enforced.

a.    False reason for termination

In *Caldwell*, the Plaintiff was able to raise a genuine issue of fact regarding pretext by presenting evidence that a false explanation was given for termination. Plaintiff has presented evidence that Defendant's reason is false in that it treated a similar situation regarding an alleged violation differently.  The evidence shows that Plaintiff was not given the same opportunities as other employees.

## VII.  PRAYER FOR RELIEF

Therefore, Appellant respectfully requests that this Court reverse the lower court's summary judgment  and remand this case for a trial on the merits.

Respectfully submitted,

The Melton Law Firm, P.L.L.C.
925 South Capital of Texas Hwy.,
Ste. B-225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile

/s/ John F. Melton
John F. Melton
Jmelton@jfmeltonlaw.com
State Bar No. 24013155
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing document has been served on all parties of record **via email** on this 19th day of September, 2024, addressed as follows:

email: jgagnon@fisherphillips.com
Joseph W. Gagnon
Fisher Phillips, LLP
910 Louisiana Street, Suite 4000
Houston, Texas 77002

*/s/ John F. Melton*
John F. Melton

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this reply brief complies with the type-volume limitation set forth in FRAP (32)(a)(7)(B).  This entire brief contains 1,412 words according to the word-count function of the word-processing system, WordPerfect Office X3, used to prepare the brief. This brief complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfect Office X3 in Times New Roman format in 14 point font.

*/s/ John F. Melton*
Attorney For Plaintiff-Appellant